**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4741
_____

KARNAIL SINGH,
                              Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                          Respondent
_____

On Petition for Review from the Board of Immigration Appeals
Agency No. A072- 381-556
Immigration Judge: The Honorable Andrew A. Arthur
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed:  November 10, 2011)
_____

OPINION
_____

Smith, *Circuit Judge*.

        Karnail Singh is an Indian citizen who entered this country illegally on

December 5, 1993.  In 1994, Singh petitioned for asylum, withholding of removal,

protection under the Convention Against Torture (CAT), and humanitarian asylum.

In 2005, Singh received a Notice to Appear charging him with being removable

1

under 8 U.S.C. § 1182(a)(6)(A)(i).  At a September 2005 hearing, Singh conceded removability, but indicated that he intended to renew his 1994 petition, seeking relief on the basis that he had suffered persecution and torture on the basis of his Sikh religion and his political activity advocating for an independent Sikh state.

After holding a hearing on Singh's renewed petition, the Immigration Judge (IJ) found Singh not credible due to substantial inconsistencies between Singh's testimony and other evidence in the record.  The IJ alternatively found that even if Singh's testimony were credible, he could no longer have a well-founded fear of persecution because circumstances in India had changed regarding persecution of Sikhs.  Finally, the IJ found that even if Singh's testimony were credible, the persecution that he suffered did not rise to the level of persecution necessary to warrant humanitarian asylum.  The IJ denied Singh's petition.  Singh appealed the IJ's decision to the Board of Immigration Appeals (BIA).  On December 3, 2009, the BIA affirmed the IJ's decision.  Singh now petitions for review, arguing, among other things, that the BIA erred in upholding the IJ's adverse credibility determination.[1]  We will deny Singh's petition.

Because the BIA adopted the IJ's adverse credibility determination, we review the IJ's determination for substantial evidence.  *Tarrawally v. Ashcroft*, 338

---

[1] The IJ had jurisdiction over Singh's petition under 8 U.S.C. §§ 1158, 1231(b). The BIA had jurisdiction over Singh's appeal under 8 C.F.R. § 1003.1(b).  We exercise jurisdiction under 8 U.S.C. § 1252(a).

F.3d 180, 184 (3d Cir. 2003).  An IJ is in the best position to assess a petitioner's credibility—accordingly, "[w]e will defer to and uphold the IJ's adverse credibility determinations if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole . . . .'"  *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). "[A]n adverse credibility finding [can] be based on inconsistencies, but only if the inconsistencies relate[] to facts at the heart of the claim, rather than to unimportant details." *Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir. 2007). [2]

The IJ provided cogent, specific reasons for his finding of adverse credibility.  At the hearing, the IJ questioned Singh vigorously about various discrepancies between Singh's account of his prior persecution and other evidence in the record.  The IJ gave Singh an opportunity to explain the inconsistencies. Unsatisfied with Singh's responses, the IJ found that Singh was not credible, in a comprehensive opinion citing numerous discrepancies between Singh's testimony and the evidentiary record.

The discrepancies cited by the IJ concern the very acts of persecution that

---

[2] The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302-23 (2005), changed the standard of review for adverse credibility findings for petitions filed on or after May 11, 2005.  Because Singh's petition was originally filed in 1994, however, "our pre-REAL ID Act standard applies to evaluation of the credibility determination.  Consequently, only inconsistencies going to the heart of a claim will be deemed to compromise [a petitioner's] credibility." *Chukwu*, 484 F.3d at 189.

Singh cites as the basis for his petition. For example, at the hearing Singh testified that his father was killed by Indian police at a famous attack on a Sikh temple, which in part motivated him to join a political group dedicated to forming a Sikh state. Other evidence in the record, however, suggested that Singh's father was not involved in the attack mentioned by Singh, and that he went missing *after* the attack. This inconsistency, like others cited by the IJ, concern the very events of persecution that Singh claims as a basis for asylum, withholding of removal, protection under CAT, and humanitarian asylum. These inconsistencies clearly go to the heart of his claim. *Chukwu*, 484 F.3d at 189. As a result, the IJ's adverse credibility determination was supported by substantial evidence, and the BIA did not err in adopting the IJ's credibility determination.

Given the adverse credibility determination, which called into question Singh's testimonial evidence regarding his history of persecution, the BIA also did not err in concluding that Singh failed to meet his burden of proof under all of the relevant standards.[3]

---

[3] Although each of the forms of relief that Singh requests has different requirements, Singh's testimony regarding his past persecution and torture is critical for each form of relief he seeks. Given the adverse credibility determination, the BIA did not err in concluding that Singh failed to meet his burden of proof under each of the applicable standards. Because Singh failed to meet his evidentiary burden, we need not reach the IJ's alternative reasons for denying Singh's petition, concerning the finding of changed circumstances for Sikhs in India and whether Singh's alleged persecution qualifies him for humanitarian asylum.

Accordingly, we will deny Singh's petition for review.